IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 10-cr-00513-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. QUINN JEBE,

    Defendant.

**ORDER**

    This matter comes before the Court on defendant Quinn McKenzie Jebe's Motions to Request Clarification, Modification, and/or Imposition of Sentence [Docket Nos. 46 and 47] and his various supplements to such motions [Docket Nos. 48 - 50].

    On December 30, 2010, Mr. Jebe pled guilty to Count One of the indictment, charging him with Counterfeiting. On March 25, 2011, the Court sentenced him to 15 months imprisonment. At the sentencing hearing, Mr. Jebe's attorney explained that Mr. Jebe was not a federal detainee, but rather had been writted into federal custody from the Colorado Department of Corrections, which had a parole detainer on him. He said that it was not clear whether Mr. Jebe would receive any sentence on the probation revocation matter. Based on defense counsel's understanding of how the state would credit Mr. Jebe for the time spent in custody on the federal case, he requested that the Court not indicate whether or not the sentence in the federal case was to run concurrently or consecutively to any undischarged term of imprisonment. The Court

followed that request and did not indicate that the sentence was to run consecutively or concurrently to any other sentence.

Mr. Jebe indicates that parole on his state sentence was, in fact, revoked on April 21, 2011, that he was incarcerated in the Colorado Department of Corrections, and that he was released on February 16, 2012. Docket No. 46 at 2. He began serving his 15 month federal sentence in April 2012.

Mr. Jebe first asks the Court to declare that his sentence in this case was neither consecutive nor concurrent to any undischarged term of imprisonment. Second, Mr. Jebe asks the Court to order that his sentence is deemed to have started on March 25, 2011. Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose. *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006).

Finally, Mr. Jebe asks the Court to order that the Bureau of Prisons give him credit for 198 days of presentence confinement credit.

Liberally construing Mr. Jebe's motions, as the Court must given his pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court determines that Mr. Jebe's three requests challenge the execution of his sentence and are therefore appropriately raised in an application pursuant to 28 U.S.C. § 2241, not in this criminal case. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). The Court will therefore order the clerk's office to open a new action for the § 2241 claim and will deny

the motions in this criminal case as moot.  Mr. Jebe will be directed to cure any deficiencies in the new § 2241 action, if they exist, by separate order.  Wherefore, it is

ORDERED that the clerk's office is directed to open a new 28 U.S.C. § 2241 action that shall include Docket Nos. 46 to 50 in this case.  It is further

ORDERED that defendant's Motions to Request Clarification, Modification, and/or Imposition of Sentence [Docket Nos. 46 and 47] are denied as moot.

DATED August 9, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge